UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Cynthia B.,

    Plaintiff,

v.

ANDREW SAUL,
Commissioner of the
Social Security Administration,

    Defendant.

Case No. 4:18-cv-1-JVB-JEM

**OPINION AND ORDER**

Plaintiff Cynthia B. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

**A. Overview of the Case**

Plaintiff applied for disability insurance benefits under Title II. In her application, Plaintiff alleged that she became disabled on January 1, 2012. (R. at 13.) After a video hearing in 2015, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of obesity, asthma, and heart failure. (R. at 15.) The ALJ found that Plaintiff is capable of performing her past relevant work as a retail clerk. (R. at 20.) Therefore, the ALJ found her to be not disabled from July 1, 2012, the alleged onset date, through the date of the decision. (*Id.*) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

## B. Standard of Review

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

## C. Disability Standard

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## D. Analysis

Plaintiff contends that the ALJ committed four reversible errors: the ALJ failed to analyze Plaintiff's heart disease under the proper listing; the ALJ erred in the subjective

symptom analysis; the ALJ failed to analyze Plaintiff's impairments in combination; and the ALJ erred in the RFC determination in failing to consider the grid rules.

**(1) Grid Rules**

As an initial matter, Plaintiff argues that the ALJ should have found her to be disabled, as her RFC would lead to a finding of not disabled using the grid rules. However, the ALJ did not need to turn to the grid, as the ALJ found Plaintiff was not disabled at step four in finding that she could perform past relevant work. *Townsend v. Barnhart*, 28 F3d. Appx. 531, 539 (7th Cir. 2002). Since this case is being remanded for further consideration in other areas, the ALJ should address the grid rules if it is determined that Plaintiff cannot perform her past relevant work.

**(2) Subjective Symptom Analysis**

Plaintiff asserts that the ALJ erred in weighing her subjective symptoms. An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (citations omitted). In addressing Plaintiff's subjective symptoms, the ALJ must consider all the evidence in the record. 20 C.F.R. § 404.1529(c)(3). Specifically, the ALJ is directed to consider the following factors:

(i) daily activities;

(ii) the location, duration, frequency, and intensity of the symptoms;

(iii) precipitating and aggravating factors;

(iv) the type, dosage, effectiveness, and side effects of any medication taken;

(v) other treatment received for relief of symptoms;

(vi) any measures used to alleviate symptoms; and

(vii) other factors concerning limitations and restrictions due to symptoms

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii). As long as the ALJ's subjective symptom determinations have some support in the record and are not patently wrong, they are upheld. *See Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995).

The ALJ found that Plaintiff's subjective symptoms were "not entirely credible for the reasons explained in this decision." (R. at 19.) The ALJ explained that Plaintiff's mental health treatment was conservative, her asthma was stable, and tests showed normal physical functioning. (*Id.*) Moreover, the ALJ found that Plaintiff could still perform activities of daily living. (*Id.*) The ALJ noted that she was capable of preparing simple meals, cleaning, doing laundry, washing dishes, mopping, sweeping, driving, shopping, paying bills, watching television, and making jewelry. (*Id.*)

Plaintiff takes particular issue with the ALJ's treatment of her activities of daily living. The Seventh Circuit has repeatedly stated that an ability to complete certain activities of daily living does not on its own translate to an ability to work a full-time job. *See Moore v. Colvin*, 743 F.3d 1118, 1126 (7th Cir. 2014); *Hughes v. Astrue*, 705 F.3d 276, 278 (7th Cir. 2013); *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013). An individual's "ability to perform daily activities, especially if they can be done only with significant limitations, does not necessarily translate into an ability to work full-time." *Roddy*, 705 F.3d at 639; *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012).

The ALJ found that Plaintiff's ability to complete a multitude of daily activities "show[s] that [her] impairments are not disabling." (R. at 19.) The ALJ failed to consider how Plaintiff completes her daily activities. Although Plaintiff was capable of doing cleaning, laundry, and

dishes, she could not complete them in a timely fashion. Plaintiff testified that sometimes it took her two to three days to wash the dishes, as she needed to take frequent breaks. (R. at 48.) She stated that it took her a week to finish laundry due to her back and neck pain. (R. at 49.) She also stated that she mostly made frozen dinners, but if she did cook dinner, she cooked while sitting in a roller chair as she could not stand long enough to complete the meal. (R. at 235.) Further, although Plaintiff was capable of driving herself to shop, she stated that she had to stop and sit while she was shopping. (R. at 236.) The ALJ mischaracterized Plaintiff's ability to complete activities of daily living in analyzing her subjective symptoms. More problematically, the ALJ specifically stated that Plaintiff's ability to complete activities of daily living "show that [her] impairments are not disabling." (R. at 19.) The ALJ cannot say that Plaintiff's ability to complete the laundry over the course of a week means that she can perform a full-time job. The ALJ mischaracterized evidence of daily activities and misused Plaintiff's ability to perform those activities in finding that she was not disabled. This requires remand.

### (3) RFC

Plaintiff also contends that the ALJ cherry picked evidence in the RFC determination. The ALJ has an obligation to consider the relevant medical evidence but cannot "simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

The ALJ characterized the treatment of Plaintiff's severe impairment of heart failure as "successful" with "stable functioning." (R. at 18.) To support this assertion, the ALJ noted that April 2012 x-rays showed stable cardiomegaly. (*Id.*) Moreover, the ALJ noted that the December 2013 consultative examination showed full strength, a negative straight leg raise test, and normal

tandem and heel and toe walking. (*Id.*) The ALJ further found that Plaintiff had a non-obstructive two-vessel disease, and her stress test showed "a normal ejection fraction at 60 percent and low function capacity of less than 3 METs." (R. at 19.) The ALJ also characterized Plaintiff's asthma as "stable," noting that her pulmonary function testing "showed a functional capacity 80 percent of the predicted value." (R. at 18–19.)

The ALJ partially relies on the consultative examination to state that Plaintiff's heart failure and asthma did not require further limitations. (R. at 18–19.) The ALJ gave this consultative opinion "little weight" finding it vague, yet the ALJ seems to rely on it, at least partially, in finding Plaintiff is not disabled. (R. at 19.) This same consultative report found dyspnea with walking less than 20 feet, along with prolonged expirations. (R. at 520.) Other medical evidence showed that Plaintiff continued to use a nebulizer four times a day, along with two separate inhalers used twice and four times a day. (R. at 578–79.) However, the ALJ does not discuss this information in the RFC determination.

The ALJ also fails to discuss Plaintiff's abnormal stress test in 2015. (R. at 573.) This stress test showed low functional capacity, PVCs at stress, and a hypertensive response. (R. at 576). During the EKG and stress test in March 2015, Plaintiff experienced shortness of breath, fatigue, and leg fatigue, which resolved with rest. (R. at 586.) Her blood pressure response was hypertensive, and her functional capacity was less than half of average and characterized as "very low." (R. at 586–87.) Plaintiff's left ventricle was also mildly increased with hypertrophy, along with an impaired relaxation pattern. (*Id.*) In 2015, Plaintiff also noted heart palpitations occurring three to four times a week, along with shortness of breath upon exertion, and a productive cough. (R. at 575.) Her medical records further note that her hypertension "may be

inducing some mild diastolic dysfunction." (R. at 577.) In 2015, Plaintiff's exertional dyspnea worsened. (R. at 580.)

The ALJ failed to discuss this medical evidence. While the ALJ is not required to discuss every piece of medical evidence, he cannot cherry pick the evidence and only discuss that which supports his opinion. The ALJ also failed to discuss the large amount of evidence regarding her non-severe impairments. "[I]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 SSR LEXIS 5 at *14, 1996 WL 374184, at *5, *see Paar v. Astrue*, No. 09 C 5169, 2012 Dist. LEXIS 4948, 2012 WL 123596, at *13 (N.D. Ill. Jan. 17, 2012).

Plaintiff's medical records show increased difficulties with urinary difficulties, urinary tract infections, unexplained nausea and diarrhea, and gastrointestinal distress. (R. at 537–45, 572–608.) Plaintiff testified to using a catheter frequently due to a knot in her urethra, which is supported by the medical evidence. (*Id.*) She had reports of blood in her stool and uncontrollable diarrhea. (*Id.*) However, the ALJ fails to discuss the effect that these nonsevere impairments may or may not have on her RFC. The Court cannot conduct meaningful review where the ALJ fails to discuss the impact of all Plaintiff's impairments in the RFC.

**(4) Other Issues**

Plaintiff also raises additional issues regarding subjective symptoms and the RFC. Because the ALJ erred in evaluating Plaintiff's daily activities and in failing to consider all of the relevant medical evidence, remand is appropriate. Proper analysis of the evidence may alter the rest of the ALJ's decision. The Court remands this case due to a failure to properly analyze Plaintiff's daily activities or to consider the medical evidence as a whole.

7

**(E) Conclusion**

The ALJ erred in the subjective symptom analysis and the RFC determination. For these reasons, the court remands the case for further consideration.

SO ORDERED on September 23, 2019.

                                       s/ Joseph S. Van Bokkelen
                                       JOSEPH S. VAN BOKKELEN
                                       UNITED STATES DISTRICT JUDGE